JOHN A. OVERBACH, and others,

v.

CORNELIA HEERMANCE, and others.

An agreement being made for the quieting of mutual claims to real property, between
    persons who on one side, were adults, and some of whom on the other side, were in-
    fants ; and that agreement being executed by the former party ; and the execution
    of it being refused on the part of the infants, who however availed themselves of the
    agreement at law : held, that the infants shall be put to their election, either to con-
    firm the agreement, or to relinquish all pretensions under it.

GUISBERT LANE, heretofore proprietor of Loveridge's pa-    1824.
tent in the town of Catskill in the present county of Green,    1st Dec.
conveyed in fee, to Peter Overbach and several other persons   Infant gran-
whose rights the complainants hold, sundry farms in that pa-   tee.
tent, and also a right of common of pasture and of estovers,
in the other lands belonging to the same patent.   On the 14th

day of January 1728, Lane sold and conveyed to Benjamin Dubois, as well the residue of the said patent, as his share of the common lands therein ; and Dubois, by his deed dated the 10th day of September 1728-9, confirmed the rights of common so granted to Overbach and others, of whose estates the complainants are lawfully seized, as also of the right of common by virtue of the purchase from Lane, and the confirmation of Dubois.   Benjamin Dubois died seized of the estate so purchased, having devised the same to his four sons, Cornelius Dubois and others, who held it respectively in four several parts, by some partition.  After such partition, the part of the lands which fell to Cornelius Dubois, was sold at sheriff's sale, and fifty acres of it was then conveyed to Gosen Heermance.   Gosen died siezed, leaving Catharine his widow, and the defendant Cornelia Heermance and others his children living at the time of filing the bill, and also Jane Heermance who was then deceased, and who had been married to the defendant Benjamin Soules, and who had by him two children, Robert and Catharine Jane, yet alive.   Jane, the mother of these two, died siezed of a share of the premises ; and all those heirs of Gosen Heermance were infants at the time of his death.   The widow of Gosen afterwards intermarried with one Michael Phillips now deceased, who from that time had the possession and care of the estate, of the heirs of Gosen.

The bill charged, that the exercise of the right of common being found destructive of the timber and wood, an agreement was entered into, about the year 1797, between the complainants and those whose rights they represent of the one part, and Hobartus Dubois and others, heirs of Isaac Dubois, and the said Michael Phillips, stepfather and guardian of the infant children of Gosen Heermance, acting for the benefit and advancement of their estate, of the other part, to divide the lots equally ; one moiety to the parties of the first part, who were to release to Hobartus Dubois and others and to the heirs of Gosen Heermance, their right to common in the other moiety : that a surveyor was accordingly employed by the parties, who, assisted by them, divided the said lots accordingly, marking trees for the line of division : that in con-

sequence of the infancy of some of the heirs of Gosen Heer-
mance, no releases were executed; but Phillips with the ap-
probation of the Heermance heirs who were of years of dis-
cretion, and of their mother, agreed to the settlement, which
was greatly to the advantage of the heirs of Heermance, and
he faithfully promised that the heirs, when they came of age,
should execute releases: that the complainants &c. relying
upon those assurances, purchased from Hobartus Dubois the
whole of his lot, and released to John Dubois &c. the heirs
of Isaac Dubois, their right of common to their said lot which
had belonged to Isaac Dubois, on receiving full compensa-
tion therefor: that by this release, they have extinguished
their right of common to their aforesaid lot belonging to the
said heirs, who are all of age at present, except the children of
Jane the wife of Soules. The complainants claim to be
quieted in the possession of one half of the lot of fifty acres,
and complain that the defendants refuse to release their right
to that half, or to ratify the agreement, and have commenced
an action of trespass against one of the complainants for cut-
ting wood in it, which was cut as estovers. The bill prays for
general relief according to the case made, and for an injunc-
tion against the suit at law.

The answers of the adult defendants admitted in substance,
the history of the titles as set out in the bill, but denied the
agreement for extinguishing the right of common, and claimed
the benefit of the statute of frauds, if any such agreement
should be proved by parol; and set forth an agreement of
the 19th of February 1805, between some of the complain-
ants and some of the heirs of Dubois, respecting seventy five
acres of land admitted to be the land in question; but the de-
fendants deny that they were parties to it, and they admit a
release executed by the Overbachs to John Dubois and another
for the land in question, but say that the motive of this deed
was the relinquishment by Dubois, of common in the lands of
the complainants, held under a different person.

Proofs were taken upon replication filed.  .

Mr. Van Buren for the complainants. By the re-
lease to John Dubois and others of the complainants' right
of common in their lands, the complainants have lost their

1824.

OVERBACH
v.
HEERMANCE.

whole right of common ; and the defendants, standing in the right of Gosen Heermance, set up that release against us, at the same time that they refuse to execute the agreement upon which it was made. The complainants are without remedy at law. But it is a plain equity, that the defendants shall either confirm the agreement, or be prevented from setting it up at law. The infants will not be allowed to use as a weapon of offence, that privilege, which the law intended for a shield.

MR. J. V. D. S. SCOTT for the defendants. The complainants have not established any written agreement, nor shown part performance of an agreement by parol. 1 John. ch. 146. The defendants have, by answer, claimed the benefit of the statute of frauds.

The agreement not being consummated, the defendants may avail themselves of the locus penitentiæ. Ib. 148, 9.

Phillips had no power to bind the infants. It is against the policy of the law, that a guardian should have such a power.

It is not enough to show some agreement by proof: the particular agreement charged must be made out ; and that too, by competent proof.

The court will not relieve from acts fairly done, on a full knowledge of facts, though under a mistake of law. 2 John. ch. 50. 60.

What relief can the court afford ? It can not compel the defendants to release one half of their estate. To restore the right of common would be unjust, because it was at first a right in all the lands of the four sons of Isaac Dubois ; and now that right will fall upon one share.

THE CHANCELLOR. The minors were not bound by the agreement and partition ; and they were at liberty, when they reached legal age, as they now are, to adopt or reject those acts. But if they adopt those acts in part, they ought to adopt them in whole, or in such a manner, as to do no injustice to others. It is only upon this principle of equity, that the complainants can have any relief ; and to such relief, they are I think, entitled, in this case. The decree will be, that the defendants make an election, either to confirm the

agreement, or to relinquish all rights and pretensions result-     **1824.**
ing from it.   I perceive no sufficient reason, that either party
should recover costs against the other.